## WILLIAM E. MATTINGLY *vs.* FRANCIS E. MATTINGLY.

*Disbursement by Agent—Antagonistic Position.*

On an issue as to expenses necessarily incurred by one in
connection with an option on certain property, given him for
the benefit of another, and exercised by him for the purpose
of resale at a profit, *held* that he should not be allowed for a
fee paid by him to a firm of attorneys, they having been em-
ployed by him merely in support of his claim, rejected on a
former appeal, that he took the option on his own behalf.

*Decided April 10th, 1924.*

Appeal from the Circuit Court for Howard County, In
Equity (FORSYTHE, J.).

Bill by the Brightwood Sanitarium Company against W.
Mitchell Digges, Francis E. Mattingly and others, to which
proceeding William E. Mattingly was, on his petition, made

a party. From a decree allowing said Francis E. Mattingly certain sums claimed by him for expenses and advancements, said William E. Mattingly appeals. Reversed in part.

The cause was argued before THOMAS, URNER, ADKINS, and OFFUTT, JJ.

*William H. Surratt* and *Paul R. Hassencamp,* for the appellant.

*James Clark,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

This is the second appeal in this case. The first was from a decree awarding to Francis E. Mattingly, the appellee here and also in the former appeal, a fund of $1,136.09 in the hands of the Clerk of the Circuit Court for Howard County under a consent decree passed June 3rd, 1921, by which it was ordered that said sum "less costs of the case, shall be retained by the Clerk of this Court for a final determination of this cause as to the respective rights of J. Benjamin Mattingly and Francis E. Mattingly to the said sum."

Subsequently, after hearing, the decree awarding this sum to appellee was passed, and, on appeal, was reversed, the report of the case appearing in 143 Md. 227.

In that case it appeared that certain property near Laurel, in Howard County, belonging to J. Benjamin Mattingly, was sold under a mortgage and purchased by the assignees of the mortgage, and an option to purchase the property at the price paid by the assignees, together with certain interest charges, taxes, counsel fees and other expenses, was taken in the name of the said Francis E. Mattingly; and the question was whether he, in taking said option and in giving an option to the Brightwood Sanitarium Company, which subsequently purchased the property, was acting for himself or on behalf of his brother, Benjamin, and for his benefit.

It was held that he was acting for Benjamin, and that consequently the profit, if any, accruing from the purchase and

sale of the property, belonged to William E. Mattingly, the
appellant, as assignee of his brother, Benjamin, "subject to
any money paid or advanced by Francis E. Mattingly, for
authorized or needed expenses and advancements growing out
of and immediately connected with the transaction, but not
subject to compensation for services rendered by him, or for
money owing to him by his brother, not growing out of and
immediately connected with the transaction"; and the case
was remanded in order that testimony might be taken, if
desired, to establish such expenses and advancements. Tes-
timony was accordingly taken and the learned trial court
decreed:

> "that the following sums, amounting in the aggregate
> to eight hundred and ninety-one dollars and eighty-
> two cents ($891.82) are due the said Francis E. Mat-
> tingly 'for authorized or needed expenses and advance-
> ments growing out of and immediately connected with
> the transaction,' namely:

> "(1) The sum of four hundred and seventy-four
> dollars and twenty-six cents ($474.26), with interest
> from December 2nd, 1920, and seven dollars and forty
> cents ($7.40) costs, due the said Francis E. Mattingly
> on a judgment entered against J. Benjamin Mattingly
> and Richard C. Webster in the Circuit Court for
> Charles County, on December 2nd, 1920, and duly
> offered in evidence in this case, and which judgment
> was entered on notes given by the said J. Benjamin
> Mattingly (with the said Richard C. Webster as an
> accommodation joint maker), for moneys paid and ad-
> vanced by the said Francis E. Mattingly at the spe-
> cial instance and request of the said J. Benjamin
> Mattingly for interest on the judgment of the Charles
> County Bank of the Eastern Shore Trust Company,
> mentioned in the evidence in this case, and which last
> mentioned judgment was a lien on the property in-
> volved in said transaction.

> "(2) The sum of two hundred and fifty dollars
> ($250.00) for account of the counsel fees incurred by
> him to Messrs. Hamilton & Hamilton, attorneys-at-
> law, Washington, D. C., for professional services ren-

dered by them in advising him, the said Francis E. Mattingly, in connection with said transaction, and defending the suit instituted by the said William E. Mattingly in the Supreme Court of the District of Columbia, sitting in equity, and mentioned in the evidence in this case.

"(3) The sum of twenty-two dollars and seventy-five cents ($22.75) for premiums paid by him on the policies of insurance on the property involved in said transaction.

"(4) The sum of thirty dollars .($30.00) for expenses incurred by the said Francis E. Mattingly in the several trips to La Plata, in connection with said transaction, as mentioned in the evidence.

"(5) The sum of twenty dollars ($20.00) for expenses incurred by him in the several trips to Washington in connection with said transaction, as mentioned in the evidence.

"And it is further adjudged, ordered and decreed, that the clerk of this court (1) pay to the said Francis E. Mattingly, out of the funds now in his custody to the credit of this cause, the sum of eight hundred and ninety-one dollars and eighty-two cents ($891.82) due him as aforesaid, (2) that he then deduct from said fund the costs of this proceeding (except the cost of taking the testimony taken prior to the decree of November 3rd, 1922, and the costs in the Court of Appeals), and (3) that he then pay the balance of said fund (including the sum of one hundred and ninety-four dollars and thirty-two cents ($194.32) paid into this court by W. Mitchell Digges, Esq., pursuant to the order passed on the 11th day of May, 1923), to the said William E. Mattingly.

"And it is further adjudged, ordered and decreed, that the said Francis E. Mattingly pay the costs of taking the testimony taken prior to the decree of November 3rd, 1922."

From that decree this appeal was taken.

The evidence in the record fairly supports the finding of the Chancellor, after a very patient hearing, except as to

counsel fees to Messrs. Hamilton & Hamilton. We do not think they come within the principle of the submission in the ruling on the former appeal. This Court said as to them, referring to the record as it then stood, that it was not shown they were charged "in connection with the transaction wherein he was acting for his brother, J. Benjamin Mattingly"; and referred to the testimony of Benjamin that the attorneys named represented Francis.

And the subsequent testimony shows that these attorneys were employed by Francis to protect his interest in a suit brought by William E. Mattingly to restrain the Brightwood Sanitarium Company from making payments to Francis under the option, after Francis had declined to grant Benjamin's request that he sign a paper showing that he was acting for Benjamin, the assignor of William; and it also shows that Francis' claim was that he took the option in his own behalf. His interest, therefore, was antagonistic to the position of Benjamin, which was upheld by this Court.

The decree will therefore be reversed as to the allowance of the fee and affirmed as to all the other findings.

> *Decree affirmed in part and reversed in part, and case remanded that a decree may be passed in accordance with the aforegoing opinion; costs of this appeal to be paid by the parties one-half each; other costs to be paid as directed in the decree appealed from.*